STATE OF MONTANA,
                    Plaintiff,                                      NO. Dc-87-087
        vs.                                                         DECISION
SHERMAN PAUL HAWKINS,
                    Defendant.

On May 23, 1988 and October 25, 1988, the Defendant was sentenced to **Count I, Assault**, nine (9) years consecutive to the term of Count III, five (5) years and a consecutive ten (10) year sentence as a persistent felony offender; consecutive with the life term in Cause #8987, Murder in the First Degree; thirteen (13) years as a persistent felony offender to be served consecutively to the term imposed for the crime of Assault; with credit for 464 days time served. **Count III, Criminal Possession of Dangerous Drugs**, five (5) years consecutive with the term of Cause #8987, Murder in the First Degree, and concurrent with the term of Count IV; plus ten (10) years for persistent felony offender, consecutive with the term of Count III and Count IV; plus a $20 charge. **Count IV, Escape,** six (6) months to be served concurrently with Count III, consecutive with the life term in Cause #8987.

On July 23, 1992, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded pro se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority to reduce the sentence or affirm it. However, if they

felt an increase was a possibility, the board would continue the hearing and would appoint counsel to represent the defendant. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that on the Possession of Dangerous Drugs, the defendant shall receive five (5) years plus ten (10) years as a Persistent Felony Offender, plus credit given for 464 days. That sentence is to run consecutively to the Life Sentence the defendant received. In addition, on the Assault conviction, he is to receive a sentence of nine (9) years plus thirteen (13) years as a Persistent Felony Offender, plus credit for 464 days against that sentence. That sentence is to run consecutive to the sentence for the Possession and Persistent Felony Offender statute sentence attached to the Possession charge as well as consecutive to the Life Sentence imposed.

The reason for the sentence is that the Division believed it conforms to the original sentence imposed by Judge Baugh for both the Possession charge and the Assault charge with the Persistent Felony Offender statute sentence attached to each.

DATED this 23rd day of July, 1992.

**Hon. Ed McLean, Chairman, Hon. Frank M. Davis, Acting Member, Hon. Thomas M. McKittrick, Judges.**

The Sentence Review Board wishes to thank Mr. Hawkins for his assistance to this Court.